**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BRENNAN'S, INC., Respondent.**

**No. 22168.**

United States Court of Appeals
Fifth Circuit.
Nov. 21, 1966.

Arlington C. White, Margaret E. White, of White & White, San Francisco, Cal., C. W. Halverson, of Halverson, Applegate, McDonald & Weeks, Yakima, Wash., for appellants.

Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., Seed & Berry, Seattle, Wash., for appellees.

Before MADDEN, Judge of the Court of Claims, and MERRILL and BROWNING, Circuit Judges.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Harold Shire, Atty., N.L.R.B., Washington, D. C., for petitioner.

C. Dale Stout, New Orleans, La., for respondent.

## ON PETITION FOR MODIFICATION OF OPINION.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

#### PER CURIAM:

Upon petition for modification of our opinion the National Labor Relations Board does not seek a change in the result of our decision in this case. It is cóntended, however, that we have departed from the standard of review set forth in Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 478, 71 S.Ct. 456, 95 L.Ed. 456; N.L.R.B. v. Walton Mfg. Co., 369 U.S. 404, 405, 82 S.Ct. 853, 7 L.Ed.2d 829; and Great Atlantic and Pacific Tea Company v. N.L.R.B., 354 F.2d 707 (5 Cir. 1966) by use of the following language:

> "We must decide whether these facts carry with them an inference of unlawful intention so compelling that it is justifiable to disbelieve the employer's protestations of innocent purpose. We find that they do not. Based upon the term 'so compelling,' we conclude that if the employer's conduct carries with it any other reasonable inference of a legitimate motive, the inference of illegality does not control. N.L.R.B. v. Great Dane Trailers, supra [363 F.2d 130 (5 Cir. 1966)]."

While we disagree with the above interpretation of our language, in the interest of clarity we withdraw it and substitute the following:

> But in addition the record discloses other vital and important considerations in that LaFleur's abusive language gave rise to significant business reasons and a legitimate business purpose which strongly support the action of the Brennan's in removing LaFleur from the main dining room. Therefore we must decide whether the conduct of Brennan's in reference to LaFleur carries with it an inference of unlawful intention which is so compelling that it constitutes substantial evi-

dence of an unlawful motive and justifies the conclusion that Brennan's was not motivated by legitimate business interests. See American Ship Building Co. v. N.L.R.B. [380 U.S. 300, 85 S.Ct. 955], 13 L.Ed.2d 855, 863–4 (1965). Upon a full review of the record we conclude that the above facts coupled with LaFleur's self-serving declaration that Brennan's was unlawfully motivated do not constitute substantial evidence to support the inference of anti-union animus necessary for a finding of a constructive discharge.

In all other respects the Petition for Modification is denied.